IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                AMENDED ORDER

                    v.                            19-cr-121-jdp-1

DEONTE L. TURNER,

                Defendant.

---

     A hearing on the probation office's petition for judicial review of Deonte Turner's supervised release was held on November 25, 2024, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Megan R. Stelljes. Defendant was present in person and by counsel Alexander P. Vlisides. Also present was Senior U.S. Probation Officer Alyssa Brody.

     From the record I make the following findings of fact.

## FACTS

     Defendant was sentenced in the Western District of Wisconsin on June 26, 2020, following his conviction for Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(2). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 37 months, with a 3-year term of supervised release to follow.

     Defendant began his term of supervised release on May 20, 2022. On December 6, 2023, a judicial review hearing was held to address violations to include: three positive drug

tests for marijuana and his failure to report as instructed for drug testing on four occasions. On October 2, 2023, defendant was arrested and charged in Dane County, Wisconsin, Circuit Case No. 23CF2566 with possession of firearm by felon, possession with intent to deliver THC, and carry a concealed weapon. The Court did not consider these charges at the time of this hearing but advised if evidence concerning the charges developed the probation office was to file a new petition. The Court ordered that the defendant be released from custody on continued supervision.

On May 15, 2024, the grand jury in the Western District of Wisconsin returned an indictment against the defendant for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); this conduct was related to the state case mentioned previously, which was dismissed in lieu of this federal charge. Therefore, defendant violated his mandatory condition prohibiting him for committing another federal crime and standard condition no. 12 and prohibiting him from possessing a firearm. On September 4, 2024, defendant pled guilty to Count 1 of the indictment in that new criminal case, which was accepted by the Court. Sentencing in that matter preceded this judicial review hearing.

## CONCLUSIONS

Pursuant to 18 U.S.C. § 3583(g)(2), revocation is mandatory because defendant possessed a firearm during his term of supervision. Defendant's criminal history category is IV. With a Grade B violation, defendant has an advisory guideline range of imprisonment of 12 to 18 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow

imprisonment. The statutory maximum term of supervised release that can be re-imposed is 36 months, less than any term of imprisonment imposed upon revocation, pursuant to 18 U.S.C. § 3583(b)(2).

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I am persuaded that a sentence within the advisory sentencing guideline range is reasonable and no greater than necessary to achieve the statutory purposes of sentencing upon revocation. The intent of this sentence is to hold defendant accountable for his violations, to protect the community, and to promote specific and general deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 26, 2020, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 14 months, with no term of supervised release to follow in this case. Supervision was ordered in U.S. District Court for the Western District of Wisconsin Case No. 24-cr-53-jdp-1, so there is no need to impose supervision in this case. The sentence in this case is to run concurrently with the sentence imposed in U.S. District Court for the Western District of Wisconsin Case No. 24-cr-53-jdp-1.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered November 26, 2024.

BY THE COURT:

                                              /s/ James D. Peterson
                                     James D. Peterson
                                     U.S. District Judge